# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LLOYD T. SCHUENKE,
MARGARET R. CURTIN,

           **Plaintiffs,**

v.                                             Case No.    06-C-616

COUNTY OF MILWAUKEE, CITY OF MILWAUKEE,
MILWAUKEE COUNTY MUNICIPAL COURT BRANCH #2,
MILWAUKEE COUNTY SHERIFF'S DEPARTMENT,
CITY OF MILWAUKEE ATTORNEY'S OFFICE,
MILWAUKEE POLICE DEPARTMENT DISTRICT #1,
MUNICIPAL JUDGE DEREK MOSLEY,
CITY ATTORNEY DAVID STUNDSZ, BAILIFF
CHARLENE PAYNE, P.O. J. KAMINSIA, JANE/JOHN DOE,

           **Defendants.**

---

LLOYD T. SCHUENKE

           **Plaintiff,**

v.                                             Case No.    06-C-680

CITY OF MILWAUKEE, CITY OF MILWAUKEE
ATTORNEY'S OFFICE, MILWAUKEE POLICE
DEPARTMENT #2, P.O. BROOKE GAGLIANO,

           **Defendants.**

## DECISION AND ORDER

Two actions were filed by the above-named plaintiffs, Lloyd T. Schuenke ("Schuenke") and Margaret R. Curtin ("Curtin") (collectively, "the plaintiffs"). The action numbered 06-C-616 was filed on May 22, 2006, and the action numbered 06-C-680 was filed on June 9, 2006. The first-filed action identifies both Schuenke and Curtin as plaintiffs,

while the later-filed action only lists Schuenke. Requests by the plaintiffs to proceed *in forma pauperis* (IFP) are pending.

First, the Court addresses an administrative matter. Only one action should be pending. Both actions identify the same factual circumstances and the same actors. In fact, the 06-C-680 complaint contains a request to consolidate that action with the 06-C-616 action. Pursuant to Civil Local Rule 42.1, the Court consolidates these two actions. In the future, all documents submitted by the parties should be filed in the lower case number, 06-C-616. In accord with this consolidation, the Court will not consider the IFP request filed in the 06-C-680 action.

Now, the Court turns to the substance of the plaintiffs' IFP requests filed under the 06-C-616 case number. To authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: (1) whether the litigant is unable to pay the costs of commencing the action; and (2) whether the action warrants dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(a)(1) & (e)(2). The Court has reviewed the financial affidavits of both Curtin and Schuenke and is satisfied that they lack the funds to pay the filing fee associated with the commencement of their action. Now, the Court turns to the substance of the plaintiffs' claims.

The allegations set forth in the complaints are readily summarized. Curtin and Schuenke made an appearance in Wisconsin municipal court for proceedings related to a citation for assault and battery. (The complaints do not make clear whether the citation issued against one or both defendants, or whether they requested the issuance of the citation.)

The plaintiffs, having concluded their business in the court room, were attempting to leave the building when, at some point, they were stopped and searched. The complaint does not make clear who was doing the searching, though it was likely the court building's security. Specifically, the complaint alleges that the plaintiffs were stopped, questioned, and patted down "in the public waiting area and female bathroom." (06-C-616 Compl. 3.) The searches, according to the plaintiffs, were prompted by the disappearance of a third-party's cell phone in the court room from which the plaintiffs had just departed. A party, whose identity is unknown, had apparently told the municipal court that the plaintiffs had taken the cell phone.

Based on these allegations, the plaintiffs have brought various claims against multiple defendants. To determine whether this action warrants dismissal, the Court must separate chaff from grain. Certain claims must be dismissed at the outset.

The plaintiffs claim a violation of their Fifth Amendment rights "to be free from being held to answer to an infamous crime," "to be free from being a witness against himself/herself," and "to due process of law." (06-C-616 Compl. 4.) Only state actors and state entities are identified in the plaintiffs' complaint, so the due process guarantees of the Fifth Amendment are not operative. Even if the Amendment's other provisions applied to state actors, the plaintiffs' complaint does not state any Fifth Amendment violations.

The plaintiffs' Sixth and Eighth Amendment claims must also be dismissed. The plaintiffs state that the Sixth Amendment guarantees the right of a defendant to be informed of the nature of any accusation against him. Here, however, the plaintiffs were not "charged" with, or "accused" of, a crime. A person becomes "accused" when "prosecution is initiated

against him or her either by formal indictment or information, or by actual restraints such as arrest and holding to answer a criminal charge." *United States v. Otero*, 848 F.2d 835, 839-40 (7th Cir. 1988). And, the Eighth Amendment protects only prisoners who are actually incarcerated. *See Bell v. Wolfish*, 441 U.S. 520 (1979); *Ingraham v. Wright*, 430 U.S. 651 (1977).

The plaintiffs' complaint also alleges various criminal violations under sections 939.31, 943.30, and 946.12 of the Wisconsin Statutes. Only the state can bring suit under these provisions. The Court, therefore, understands that these allegations simply inform the other causes of action brought by the plaintiffs.

That leaves the plaintiffs with a civil rights claim for a violation of their fourth and fourteenth amendment rights, and any claims for conspiracy. At this stage, the Court may also pare down the list of defendants to this action. The plaintiffs have listed entities as defendants that simply cannot be sued.

Rule 17 of the Federal Rules of Civil Procedure states that an entity's or individual's capacity to be sued is determined by the law of the individual's domicile. Fed. R. Civ. P. 17. Under Wisconsin law, a police department is not a suable entity. *See Grow v. City of Milwaukee*, 84 F. Supp. 2d 990, 995-96 (E.D. Wis. 2000). The plaintiffs also cannot sue the sheriff's department; that department is not a separate legal entity from the county government which it serves. *See Whiting v. Marathon County Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004); *Buchanan v. Kenosha*, 57 F. Supp. 2d 675, 678 (E.D. Wis. 1999). Nor can the plaintiffs maintain suit against the City of Milwaukee Attorney's Office. *See Buchanan*, 57 F. Supp. 2d at 678. The Court also finds no basis under Wisconsin law that

might allow a litigant to sue a municipal court branch. Accordingly, the above defendants are dismissed from this action.

The Court addresses one more point. Since the plaintiffs will be permitted to proceed IFP, the Court informs them that their *pro se* status does not exempt them from complying with this Court's local rules, the Federal Rules of Civil Procedure, or any other applicable rules. Failure to follow these rules or any Court orders may result in the striking of filings, the imposition of sanctions, and, even, the dismissal of their action.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Case Nos. 06-C-616 and 06-C-680 **SHALL** be consolidated.

The defendant County Municipal Court Branch #2 is **DISMISSED** from this action.

The defendant Milwaukee County Sheriff's Department is **DISMISSED** from this action.

The defendant City of Milwaukee Attorney's Office is **DISMISSED** from this action.

The defendant Milwaukee Police Department District #1 is **DISMISSED** from this action.

The defendant Milwaukee Police Department #2 is **DISMISSED** from this action.

The plaintiffs' Fifth Amendment claims are **DISMISSED** as to all defendants.

The plaintiffs' Sixth Amendment claims are **DISMISSED** as to all defendants.

The plaintiffs' Eighth Amendment claims are **DISMISSED** as to all defendants.

The plaintiffs' claims under criminal provisions of the Wisconsin statutes are **DISMISSED** as to all defendants.

The plaintiffs' Petitions to Proceed in Forma Pauperis (Docket Nos. 2 & 3, Case No. 06-C-616) are **GRANTED**.

It is further ordered that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the remaining defendants pursuant to Fed. R. Civ. P. 4.

The plaintiffs are hereby notified that, from now on, they are required, under Fed. R. Civ. P. Rule 5(a), to send a copy of every paper or document filed with the Court to the defendants or their attorney(s). The plaintiffs should also retain a personal copy of each document. If the plaintiffs do not have access to a photocopy machine, they may send out identical handwritten or typed copies of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to the defendants or to their attorney(s).

The plaintiffs are further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 5th day of July, 2006.

BY THE COURT:

s/Rudolph T. Randa
HON. RUDOLPH T. RANDA
Chief Judge